ELLEN F. ROSENBLUM
Attorney General
CRAIG M. JOHNSON #080902
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792
Email: Craig.M.Johnson@doj.state.or.us

Attorneys for Defendant Oregon Department of Education

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNA JO CONINGSBY, M.C., a minor, by and through his parent D.C., <br><br>Plaintiff, <br><br>v. <br><br>OREGON DEPARTMENT OF EDUCATION, <br><br>Defendant. | Case No. 3:16-CV-00627-HZ <br><br>DEFENDANT'S MOTION TO DISMISS <br><br>**Oral Argument Requested** |

**CERTIFICATE OF CONFERRAL**

Pursuant to LR 7-1(a)(1)(A), counsel for Defendant hereby certifies that he conferred in good faith with Plaintiff (*pro se*) concerning this motion, but was unable to reach a resolution.

**MOTION**

Plaintiff brings two types of claims. First, Plaintiff seeks review of a hearing officer's decision pursuant to 20 U.S.C. § 1415(i)(2). Second, Plaintiff seeks a variety of declaratory judgments pursuant to 28 U.S.C. § 2201 as well as additional relief pursuant to 28 U.S.C. § 2202. Defendant, Oregon Department of Education ("ODE") moves to dismiss the

Page 1 -   DEFENDANT'S MOTION TO DISMISS
    CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

20 U.S.C. § 1415(i)(2) claim pursuant to FRCP 12(b)(1) and FRCP 12(b)(6). ODE moves to dismiss the 28 U.S.C. § 2201 and 2202 claims pursuant to FRCP 12(b)(1) and FRCP 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that the defense of lack of subject matter jurisdiction may be made at the option of the pleader by motion. A motion to dismiss for lack of subject matter jurisdiction can be either factual or facial. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the moving party asserts a facial attack on the subject matter jurisdiction of the court, the court is confined to the allegations made in the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 (9th Cir. 2003). However, if a factual inquiry is made, the court may look beyond the complaint to documents provided by the parties. *Id.* Once a factual inquiry is made the opposing party had the burden of establishing subject matter jurisdiction. *Id.* In short, the federal court is one of limited jurisdiction and unless the party asserting jurisdiction can establish that the court's jurisdiction is proper, the case should be dismissed as a matter of law. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a trial court accepts all well-pleaded allegations of the complaint as true and gives plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged. The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2d ed. 1982)). When a court considers a

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

motion to dismiss, all allegations of the complaint are construed in the plaintiffs favor. *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

## ARGUMENT

A.  CLAIM PURSUANT TO 20 U.S.C. § 1415(i)(2)

  1.  **Plaintiff has failed to bring this action within the 90-day time limitation set forth in 20 U.S.C. 1415(i)(2)(B).**

Plaintiff seeks review of the hearing officer's decision that ODE was not a proper party to the due process hearing. The decision that ODE was not a proper party to the due process hearing was issued in writing on October 15, 2015[1]. Plaintiff filed this action more than 90 days from the date of that decision. Consequently, ODE moves to dismiss under FRCP 12(b)(1) as this Court lacks jurisdiction; or, alternatively, ODE moves to dismiss under FRCP 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted.

20 U.S.C. § 1415(i)(2)(B) requires that the party aggrieved by the decision of the hearing officer bring a civil action seeking review within 90 days from the date of the decision, or within such other time as State law allows[2]. The Ninth Circuit does not appear to have ruled whether this statute of limitations is jurisdictional or whether it is subject to equitable tolling. Some Courts have found that the 90-day requirement is jurisdictional. *See C.B.v. Argyle Independent School Dist.*, 2012 WL 695834 (E.D. Texas). Other Courts have determined that the 90-day requirement is not jurisdictional and is subject to equitable tolling. *See Wall Township Board of Education v. C.M.*, 534 F.Supp.2d 487 (D.N.J. 2008).

Should this court determine that the 90-day period is jurisdictional, ODE moves to dismiss pursuant to FRCP 12(b)(1) as this court would lack jurisdiction based upon the untimely filing.

---

[1] *See* Exhibit 1 to the Declaration of Craig M. Johnson ("Exhibit 1").

[2] Oregon law also requires that civil actions seeking review of hearing officer decisions be brought within 90 days. ORS 343.175(4).

Page 3 -   DEFENDANT'S MOTION TO DISMISS
   CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

Should this court determine that the 90-day period is not jurisdictional and subject to equitable tolling, Plaintiff has not plead sufficient facts to carry her burden that equitable tolling applies[3]. Plaintiff has thereby failed to plead an element necessary for the success of her claim: that she filed within the 90-day period, or that she is excused therefrom because the 90-day period has been tolled. Under these circumstances, ODE moves for dismissal of the 20 U.S.C. § 1415(i)(2) claim pursuant to FRCP 12(b)(6).

## 2. Plaintiff has failed to plead facts sufficient to demonstrate that ODE should have been a party to the due process hearing

ODE also moves to dismiss the 20 U.S.C. § 1415(i)(2) claim: (1) Pursuant to FRCP 12 (b)(6) as Plaintiff has failed to allege that ODE's actions are within the scope of a due process hearing and Plaintiff has thereby failed to state a claim; and (2) Pursuant to FRCP 12(b)(1) as the court lacks jurisdiction to review ODE's actions that were outside the scope of a due process hearing.

Plaintiff has failed to allege that ODE was a proper party to the due process hearing. A due process hearing is narrow in scope and is designed to impartially resolve a complaint *only* "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child"[4]. 20 U.S.C. § 1415(f) and 20 U.S.C. § 1415(b)(6)(A). 34 CFR 300.507(a)(1) similarly constrains the scope of a due process hearing, allowing a complaint *only* on matters "relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of FAPE to the child."[5] The scope of due process hearing decision review under

---

[3] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (The party arguing that equitable tolling applies bears the burden of proving both that the party has been diligently pursuing her rights and that some extraordinary circumstance prevented compliance).

[4] ORS 343.165(a) is the analogous state statute which states that a parent may request a hearing "to contest the determination of the school district concerning the identification, evaluation, individualized education program, educational placement or the provision of a free appropriate public education to the child."

[5] OAR 581-015-2345(1)(a)(A) is the analogous state rule which likewise limits the scope of a due process hearing.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

20 U.S.C. § 1415(i)(2) is also narrow in scope *only* authorizing civil action "with respect to the complaint presented" in the due process hearing.

Here, Plaintiff fails to allege that ODE, Oregon's State Educational Authority, was involved in the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. Equally significant, Plaintiff has not alleged that her due process complaint[6], of which she seeks review, contained any allegations that ODE was responsible for the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. Instead, Plaintiff alleges in this complaint, and alleged in her due process complaint, that it was the School District that failed to provide these required services. Complaint at p 2 and 6-7; *see also* Exhibits 1 and 2.

Because ODE was not directly involved in matters relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child, the actions of ODE of which Plaintiff complains are outside the express scope of the federal and state due process statutes. ODE is unaware of any 9th Circuit cases addressing this specific issue and offers *Chavez Rel. M.C. v. New Mexico Public Education*, 621 F.3d 1275. 1283 (10th Cir. 2010) in support of its argument that a State Educational Authority that is not involved in the actual provision of IEP services to a child is properly exempted from the administrative process.

Plaintiff has failed to allege that ODE engaged in actions which are subject to review under the due process statutes and this court lacks jurisdiction under 20 U.S.C. § 1415(i)(2) to review the actions by ODE of which Plaintiff complains. Consequently, ODE moves for dismissal of the 20 U.S.C. § 1415(i)(2) claim pursuant to FRCP 12(b)(6) and FRCP 12(b)(1).

**B. REQUESTS FOR DECLARATORY JUDGMENT**

In her prayer for relief, Plaintiff requests eight declarations from this court. Complaint, pp. 10-12. The 1st request for declaratory judgment, paragraph 42 of the Complaint,

---

[6] Exhibit 2 to the Declaration of Craig M. Johnson ("Exhibit 2").

Page 5 - DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

is duplicative of Plaintiff's 20 U.S.C. § 1415(i)(2) claim: Plaintiff seeks to overturn the hearing officer's decision[7] to not assert jurisdiction over ODE in the due process hearing. This redundant request for declaratory judgment fails to present a case or controversy for the same reasons that Plaintiff failed to state a claim or establish jurisdiction as outlined in ODE's arguments above.

The remaining seven requests for declaratory judgment, paragraphs 43-49 of the Complaint, relate to Plaintiff's failed Petition for Judicial Review[8] litigated to conclusion in state court and currently on appeal. *See* Complaint pp 7 – 10. These 7 requests for declaratory judgment: (1) fail to present a case or controversy as Plaintiff can obtain no effective relief; (2) are barred by issue preclusion; and (3) should be refused as a matter of court discretion.

### 1.     1st Request for Declaratory Judgment: Paragraph 42

Plaintiff's first request for declaratory judgment fails to present a case of actual controversy. 28 U.S.C. § 2201 limits jurisdiction to cases of actual controversy. "The 'actual controversy' requirement of the Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Societe De Conditionnement En Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981) *quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40, 57 (1937).* "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal Oil Co.*, 312 U.S. 270, 273 (1941).

ODE reasserts and incorporates its arguments made above. Here, Plaintiff, by failing to state a claim and/or failing to establish jurisdiction with regards to her 20 U.S.C. § 1415(i)(2)

---

[7] Exhibit 1

[8] ODE's Final Order, first mentioned in paragraph 28 of the Complaint, was an order in an other than contested case and Plaintiff filed a Petition for Judicial Review of ODE's Final Order pursuant to ORS 183.484 in state court: the state court granted ODE's Motion for Summary Judgment and affirmed ODE's Final Order. Declaration of Craig M. Johnson. *See* Exhibits 3, 4 and 5 to the Declaration of Craig M. Johnson ("Exhibit 3", "Exhibit 4", and "Exhibit 5").

Page 6 -    DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

claims, has also failed to establish that there is a judiciable issue. ODE moves the court to dismiss Plaintiff's first request for declaratory judgment for failing to present a case of actual controversy. ODE therefore moves to dismiss pursuant to FRCP 12(b)(1) and FRCP(12)(b)(6).

## 2. Plaintiff's 2nd through 8th Requests for Declaratory Judgment: Paragraphs 43-49

In making her 2nd through 8th requests for Declaratory Judgment, Plaintiff is attempting to utilize 28 U.S.C. § 2201 to relitigate her failed petition for judicial review. ODE moves to dismiss these requests because: (1) Plaintiff fails to present a case or controversy; (2) This court is obliged to give preclusive effect the state court judgment[9] regarding Plaintiff's failed petition for judicial review[10]; and (3) This court should exercise its discretion to refuse to grant declaratory relief.

### a. No Case or Controversy

As discussed above, Plaintiff is required by 28 U.S.C. § 2201 to establish that "an actual controversy" exists. Plaintiff fails this requirement.

First, the Rooker – Feldman doctrine precludes Plaintiff from obtaining any effective relief from the requests for declaratory judgment arising out of her failed petition for judicial review in state court. "The Rooker–Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007) (internal citations omitted).

Plaintiff requests as relief, in paragraph 51 of the Complaint, that this court issue an order effectively overturning the state court judgment[11] in Plaintiff's failed petition for judicial

---

[9] Exhibit 5.
[10] Exhibit 4.
[11] Exhibit 5.

Page 7 - DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7399950-v1

review[12] and to remand ODE's final order[13] to ODE for further proceedings. Further, Plaintiff's 2nd through 8th requests for declaratory judgment ask this court to overturn state court determinations made in reaching its judgment. In so doing, Plaintiff is asking this court to function as a court of appeals for Oregon's Circuit Court. The Rooker – Feldman doctrine precludes this outcome and Plaintiff cannot obtain the relief she seeks.

A case is moot if there can be no effect on the litigant's rights. *Allard v. DeLorean,* 884 F.2d 464, 466 (9th Cir.1989). "Article III of the United States Constitution confers jurisdiction on federal courts over 'cases' and 'controversies' and has been construed to prohibit advisory opinions." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). Here, Plaintiff cannot obtain the relief she seeks and these requests for declaratory judgment are moot.

Second, Plaintiff has failed to plead that there is a controversy of sufficient immediacy to warrant the issuance of a declaratory judgment. Plaintiff has not established that there is a current controversy. Instead, Plaintiff complains of ODE's Final Order issued April 9, 2014[14] and of the state court judgment signed July 2, 2015[15]. Even assuming Plaintiff could avoid issue/claim preclusion (discussed further below) and challenge this order anew, Plaintiff is now well outside the statute of limitations set forth in ORS 183.484. As there is no current controversy with regards to ODE's Final Order, and Plaintiff does not allege any other issues regarding ODE that would give rise to a controversy of any immediacy to warrant the issuance of a declaratory judgment, Plaintiff has failed to establish the existence of an actual controversy.

For these reasons, ODE moves the court to dismiss Plaintiff's 2nd through 8th requests for declaratory judgment pursuant to FRCP 12(b)(1) and FRCP 12(b)(6).

---

[12] Exhibit 4.
[13] Exhibit 3.
[14] Exhibit 3.
[15] Exhibit 4.

Page 8 -   DEFENDANT'S MOTION TO DISMISS
    CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

### b. Issue Preclusion

Plaintiff is precluded from relitigating in this forum the issues raised in her 2nd through 8th requests for declaratory judgment as those issues were litigated to their final conclusion in Plaintiff's failed petition for judicial review[16]. 28 U.S.C. § 1738 "obliges federal courts to give the same preclusive effect to a state-court judgment as would the courts of the State rendering the judgment." *McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 287 (1984). The state court judgment regarding Plaintiff's failed petition for judicial review is entitled to the same preclusive effect in this court as it would be accorded in an Oregon court, whether the effect is one of claim preclusion or issue preclusion. *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731 736 (9th Cir. 1984). The test in federal court is whether the state court decision meets the state's criteria necessary for preclusive effect. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

> Under Oregon law, the previous litigation of an issue will preclude re-litigation of the same issue if five elements are met: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the state court will give preclusive effect. *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 862 P.2d 1293, 1296–97 (1993).

*Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985, 1007 (9th Cir. 2007).

Here, with regards to Plaintiff's 2nd through 8th requests for declaratory judgment, the issues are identical: Plaintiff effectively asks this court to review the arguments made to, and the decisions made by, the state court in reaching its judgment with regards to Plaintiff's petition for judicial review. All issues presented by plaintiff were essential to the state court in reaching a

---

[16] See Exhibits 3 through 5.

Page 9 -   DEFENDANT'S MOTION TO DISMISS
   CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

final decision on the merits. Plaintiff had a full and fair opportunity to be heard – Plaintiff had an opportunity to respond to ODE's Motion for Summary Judgment and was present at the hearing on the motion. ODE and Plaintiff were both parties to the Petition for Judicial Review in state court. Finally, a circuit court judgment is given preclusive effect in Oregon.

28 U.S.C. § 1738 obliges this court to give preclusive effect to the state court judgment and Plaintiff is barred from relitigating the issues set forth in her 2nd through 8th requests for declaratory judgment. ODE moves to dismiss these claims pursuant to FRCP 12(b)(1) and FRCP 12(b)(6).

### c. Court Discretion

Should this court determine that an actual case or controversy exists, ODE respectfully requests that the court exercise its discretion not to assert jurisdiction on these issues that can be, and have been, better resolved in State court. Intervention of the federal court is neither a necessary nor efficient use of judicial resources.

The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962). In making the decision to exercise jurisdiction, the court must analyze the factors set forth in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942), and its progeny. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir.1994)).

> The [non-exhaustive] *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation… If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. (Internal citations omitted).

Page 10 - DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7399950-v1

*Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir 1998). Other potentially relevant considerations include:

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (quoting *Kearns*, 15 F.3d at 145 (J. Garth, concurring)).

Here, with regards to Plaintiff's 2nd through 8th requests for declaratory judgment, Plaintiff is both forum shopping and engaging in duplicative litigation. Dissatisfied with losing in state court, Plaintiff seeks to relitigate her failed petition for judicial review in this forum. Further, Plaintiff needlessly invites this court to make determinations regarding the standards applicable under state law, specifically ORS 183.484. Finally, Plaintiff can receive no practical relief, for reasons outlined above, only vindication with regards to her previously failed arguments. Plaintiff's interests are insufficient to counterbalance the cost to the efficient use of judicial resources and fairness to ODE as a party that has already litigated these issues to conclusion.

For these reasons, ODE requests that this court exercise its discretion and refuse to grant declaratory relief.

## CONCLUSION

Plaintiff failed to file this action within the 90 days of the final decision for which she seeks review as required by 20 U.S.C. § 1415(i)(2)(B), thereby failing to establish jurisdiction or failing to state an necessary element to her claim. Further, Plaintiff has failed to plead sufficient

Page 11 - DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

facts to demonstrate that ODE was a proper party to the due process hearing, or a proper party within the scope of 20 U.S.C. § 1415(i)(2). Plaintiff's 1st request for declaratory judgment is duplicative of her 20 U.S.C. § 1415(i)(2) claim and should be dismissed for the same reasons. Plaintiff's 2nd through 8th requests for declaratory judgment fail to present an actual controversy, are precluded by previous state court litigation, and should be refused by the court exercising its discretion under *Brillhart* and its progeny.

For these reasons, dismissal of all claims is appropriate and ODE respectfully requests that this court grant its motion.

DATED May  25 , 2016.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


  *s/ Craig M. Johnson*
CRAIG M. JOHNSON #080902
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendant

Page 12 -  DEFENDANT'S MOTION TO DISMISS
   CMJ/cbh/7399950-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

# CERTIFICATE OF SERVICE

I certify that on May  25 , 2016, I served the foregoing DEFENDANT'S MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Donna Jo Coningsby | ___ HAND DELIVERY |
| 2400 SW Sandalwood Avenue |  X  MAIL DELIVERY |
| Beaverton, OR  97005 | ___ OVERNIGHT MAIL |
|     Plaintiff Pro Se | ___ E-SERVE |

    *s/ Craig M. Johnson*
CRAIG M. JOHNSON #080902
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendant Oregon Department
   of Education

Page 1 -   CERTIFICATE OF SERVICE
          CMJ/cbh/7354950-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792