ELLEN F. ROSENBLUM
Attorney General
CRAIG M. JOHNSON #080902
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792
Email: Craig.M.Johnson@doj.state.or.us

Attorneys for Defendant Oregon Department of Education

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNA JO CONINGSBY, M.C., a minor, by and through his parent D.C., <br><br>Plaintiff, <br><br> v. <br><br> OREGON DEPARTMENT OF EDUCATION, <br><br> Defendant. | Case No. 3:16-CV-00627-HZ <br><br> REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

**CLAIMS PURSUANT TO 20 U.S.C. § 1415(i)(2)**

In her Opposition to Defendant's Motion to Dismiss (Opposition), Plaintiff ignores the narrow scope and purpose of 20 U.S.C. § 1415(i)(2); consequently, the points and authorities upon which she relies are off point and do not advance her position.

Plaintiff's Reliance on *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181 (9th Cir. 2010) is misplaced. *Compton* dealt with whether or not the notice requirements in 20 U.S.C. § 1415(b)(3) limited the jurisdictional scope of the *subject matter* in a due process complaint

Page 1 -   REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
           CMJ/cbh/7520767-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

procedure brought against a *Local Educational Authority* (LEA). *Id.* at 1184. *Compton* was not a case about whether or not the State Educational Authority (SEA) is the proper party in a due process hearing where the SEA was not responsible for the identification, evaluation, or educational placement of a child, or provision of a free appropriate public education to a child. *Compton* quotes and emphasizes 20 U.S.C. § 1415(b)(6)(A): "a party may present a complaint 'with respect to *any matter* relating to the identification, evaluation, or educational placement of the child.'" *Id. Compton* did not state that a plaintiff may bring a complaint against *any party*.

The applicable OARs implementing the IDEA in Oregon recognize that the LEA is primarily responsible for providing special education and full financial responsibility for fully implementing IEPs and providing FAPE[1]. The SEA does not have this primary responsibility and *did not have* the responsibility in this case. Consequently, Defendant is not a proper party in a due process hearing – its actions, activities and responsibilities are outside the scope of review.

Plaintiff has failed to allege that ODE engaged in actions which are subject to review under the due process statutes. Further, ODE did not engage in actions in this case that are subject to review under the due process statutes. Plaintiff's reliance on *Compton* is misplaced as this case is distinguishable. Plaintiff has found no case law to rebut the arguments and analysis set forth in *Chavez Rel. M.C. v. New Mexico Public Education,* 621 F.3d 1275, 1283 (10th Cir. 2010), which Defendant offers as persuasive authority in support of its position.

Plaintiff's discussion of *Porter v. Manhattan Beach* 307 F.3d 1064 (9th Cir. 2002) and principles of administrative exhaustion is also misplaced. ODE does not argue that Plaintiff failed to exhaust administrative remedies. Further, the Californian administrative scheme and IDEA procedures discussed in *Porter* and in *Wyner v. Manhattan Beach Unified Sch. Dist.,* 223 F.3d 1026 (9th Cir. 2000), *cert denied*, upon which *Porter* relies, do not exist in Oregon. Again,

---

[1] See OAR 581–015–0064 (the school district is responsible for providing special education and related services to children with disabilities); OAR 581–015–0296 ("The resident school district shall maintain the primary responsibility for the education of an eligible school-aged child, and shall be responsible for all costs beyond the fiscal capacity of the regional program which result from the full implementation of the child's IEP").

Page 2 -   REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
           CMJ/cbh/7520767-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

the issue here is: against whom may Plaintiff bring a due process complaint? Under the narrow scope of 20 U.S.C. § 1415, Plaintiff cannot bring a due process complaint against an entity that was not responsible for the identification, evaluation, or educational placement of a child, or provision of a free appropriate public education to a child. ODE was not a proper defendant to the due process complaint. Consequently, Plaintiff has failed to allege that ODE engaged in actions which are subject to review under the due process statutes and this court lacks jurisdiction under 20 U.S.C. § 1415(i)(2) to review the actions by ODE of which Plaintiff complains.

## DECLARATORY RELIEF

First, Plaintiff misunderstands ODE's use of the Rooker-Feldman doctrine. ODE cites the Rooker-Feldman doctrine, not to preclude Federal Court review of state administrative action, but rather to preclude this Court's review of the state court judgment from Plaintiff's failed Petition for Judicial Review in Washington County Circuit Court. As ODE argues in its Motion to Dismiss, the thrust of Plaintiff's 2nd through 8th requests for declaratory judgment are to have this Court provide pseudo appellate review with regards to the state court judgment against Plaintiff. Plaintiff's reliance on *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) is misplaced as that case is distinguishable. Here, Plaintiff asks this Court to review and reverse a preexisting state court judgment – this is not a case of parallel litigation where the state court judgment entered first and is being used to bar the Federal court proceedings. The Rooker-Feldman doctrine is applicable here and ODE's Motion to Dismiss should be granted.

Second, Plaintiff has failed to establish that there is a current controversy. Plaintiff does not complain of any current or ongoing dispute with ODE. Rather, Plaintiff continues to complain of issues raised in her failed Petition for Judicial Review, currently on appeal. Plaintiff's issues with ODE have been litigated and, but for the current appeal, they have resolved. For this reason, ODE's Motion to Dismiss should be granted.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

Third, Plaintiff's discussion of issue preclusion is not on point. The issue here is not whether or not state law conflicts with federal law, and what happens if it does; but rather whether or not the federal courts are obliged to give preclusive effect to state court judgments. In responding to ODE's assertion of issue preclusion, Plaintiff seems to confuse her various claims in her discussion of the two different dispute resolution mechanisms recognized by the IDEA. Plaintiff's 2nd through 8th requests for declaratory judgment have, from the perspective of ODE's Motion to Dismiss, nothing to do with the due process complaint – instead ODE asserts that Plaintiff is attempting to revisit and re-litigate her failed Petition for Judicial Review. Under the concept of issue preclusion, Plaintiff is precluded from raising those same issues again here.

Further, Plaintiff's arguments that issue preclusion would not apply here are not persuasive. First, in Plaintiff's 2nd through 8th requests for declaratory judgment, Plaintiff asks this court to give an opinion regarding: (1) issues raised by her failed Petition for Judicial Review; (2) determinations reached by the state court in rendering judgment with regards to Plaintiff's failed Petition for Judicial Review; or (3) arguments made by ODE on ODE's Motion for Summary Determination. Second, these issued were litigated to a final decision on the merits when the Washington County Circuit Court granted ODE's Motion for Summary Judgment. Third, Plaintiff had a full and fair opportunity to be heard on ODE's Motion for Summary Judgment.

Finally, ODE continues to respectfully request that this Court exercise its discretion not to assert jurisdiction on these issues. Plaintiff has had a full and fair opportunity to be heard twice on these issues – through both mechanisms contemplated by the IDEA. She should not be given a third bite at the apple. With regards to Plaintiff's 2nd through 8th requests for declaratory judgment, Plaintiff is both forum shopping and engaging in duplicative litigation. Plaintiff's interests in the re-resolution of these specific claims are insufficient to justify jurisdiction here.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

Allowing these request for declaratory judgment to go forward would be an inefficient use of judicial resources. Consequently, this Court should grant ODE's Motion to Dismiss.

DATED July __11__, 2016.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


___*s/ Craig M. Johnson*___
CRAIG M. JOHNSON #080902
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendant

Page 5 -    REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CMJ/cbh/7520767-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

# CERTIFICATE OF SERVICE

I certify that on July  11 , 2016, I served the foregoing REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Donna Jo Coningsby<br>2400 SW Sandalwood Avenue<br>Beaverton, OR  97005<br>    Plaintiff Pro Se | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ E-SERVE |

      *s/ Craig M. Johnson*
CRAIG M. JOHNSON #080902
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendant Oregon Department
   of Education

Page 1 -   CERTIFICATE OF SERVICE
CMJ/cbh/7354950-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792