IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA JO CONINGSBY, and M.C., a
minor, through his parent D.C.,

    Plaintiffs,

  v.

OREGON DEPARTMENT OF EDUCATION,

    Defendant.

No. 3:16-cv-00627-HZ

OPINION & ORDER

Donna Jo Coningsby
2400 SW Sandalwood Ave.
Beaverton, OR 97005

  Pro se Plaintiff

Craig M. Johnson
Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301

  Attorney for Defendant

OPINION & ORDER – 1

HERNÁNDEZ, District Judge:

Plaintiff Donna Jo Coningsby is the parent of M.C., a student who receives special education services from the Beaverton School District ("BSD") in Beaverton, Oregon, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* She filed this complaint against Defendant Oregon Department of Education ("ODE") after ODE declined to order BSD to reimburse her $300 in connection with a re-evaluation of M.C.'s individualized education plan for fifth grade. ODE moves to dismiss her complaint for lack of subject matter jurisdiction and for failure to state a claim. Because Coningsby's case arises under a federal statute, the Court has subject matter jurisdiction, and ODE's motion to dismiss on those grounds is denied. ODE's motion to dismiss for failure to state a claim, however, is granted.

## BACKGROUND

I.  Statutory Framework

The IDEA authorizes federal grants to state and local agencies to improve educational opportunities for disabled children. West-Linn Wilsonville Sch. Dist. v. Student, No. 3:12-CV-02364-ST, 2014 WL 3778571, at *1 (D. Or. July 30, 2014) (hereinafter "West-Linn") (citing Mark H. v. Lemahieu, 513 F.3d 922, 928–29 (9th Cir. 2008)). To receive federal funds, states must comply with the IDEA and its implementing regulations to identify, evaluate, and serve the unique needs of each disabled student. 20 U.S.C. §§ 1412, 1414, 1416; 34 C.F.R. § 300 *et seq.* The IDEA's central purpose is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). A free appropriate public education ("FAPE") includes "special education and related services" that:

(A) have been provided at public expense, under public supervision and direction, and without charge;
(B) meet the standards of the State educational agency;
(C) include an appropriate preschool, elementary school, or secondary school education in the State involved; and
(D) are provided in conformity with the individualized education program required under section 1414(d) of this title.

20 U.S.C. § 1401(9). Oregon has implemented the substantive and procedural requirements of the IDEA by statute and through ODE regulations. See Or. Rev. Stat. § ("O.R.S.") 343.146–343.193; Or. Admin. R. ("O.A.R.") 581–015–2000 *et seq.*

One of the most important components of the IDEA is the "individualized education program" ("IEP"), a comprehensive written plan developed by an "IEP team" consisting of the student's parents, teachers, and representatives of the local educational agency ("LEA"). 20 U.S.C. § 1414(d)(1)(B). "The IEP's ultimate purpose is to tailor the educational services the LEA provides to meet the special needs created by the student's disability and ensure that the student receives the benefit of a FAPE." West-Linn, 2014 WL 3778571 at *2. The IDEA requires that the IEP describe the student's present levels of performance, annual goals, short-term objectives, and the specific educational services to be provided. 20 U.S.C. § 1414(d)(1)(A)(i).

States that receive IDEA funds must "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415(a); see also Lucht v. Molalla River Sch. Dist., 225 F.3d 1023, 1025–26 (9th Cir. 2000). The IDEA permits a parent or LEA to file a complaint with respect to any matter relating to the "identification, evaluation, or educational placement of the child, or provision of a [FAPE]," to that child, which is heard by an impartial administrative law judge ("ALJ"). 20 U.S.C. § 1415(b)(6), (f). Any party aggrieved by

the findings and decision made in a so-called "due process hearing" may bring an original civil action in a state or federal district court to review the findings and decision. 20 U.S.C. § 1415(i)(2)(A), (3)(A); see also West-Linn, 2014 WL 3778571 at *2.

"An impartial due process hearing, however, is not the only way in which the parents of a disabled child can force their school district to comply with the IDEA." Lucht, 225 F.3d at 1026. Parents also can file a complaint pursuant to a state's Complaint Resolution Procedure ("CRP"). Id. "Unlike the impartial due process hearing that is expressly provided in § 1415 and is detailed in the regulations promulgated pursuant to it, the CRP is described only in the regulations." Id. (internal citations omitted).

> Under the CRP regulations, a State Educational Agency (SEA) must carry out an independent on-site investigation, give the complainant an opportunity to supply additional information about the allegations, determine whether the school district is violating the IDEA and, within 60 days of the filing of the complaint, issue a written decision containing factual findings, conclusions, and the reasons for the final decision.

Id. (citing 34 C.F.R. § 300.661).

II.  Coningsby's Allegations

In September, 2015, Coningsby filed a due process complaint against BSD and ODE which sought to bring distinct claims against both entities. Coningsby alleged that BSD, as the LEA, failed to provide her child a FAPE, failed to develop a proper IEP, and failed to follow procedural safeguards during her child's fifth and sixth grade school years. Compl. ¶ 7, ECF 2. Coningsby also claimed that ODE inadequately resolved a complaint she filed under the state CRP regarding BSD's alleged failures during M.C.'s fifth grade year. Id. Coningsby alleged, among other things, that ODE failed to fully comply with Oregon's CRP regulations by failing to review all relevant information, failing to independently determine whether BSD violated the IDEA, and failing to address each allegation in her complaint.

Coningsby and BSD reached a settlement on the sixth grade issues, but Coningsby continued to pursue the fifth grade issues through the state CRP and through the due process complaint against both BSD and ODE. Her complaints stem primarily from BSD's refusal to reimburse her for $300 in charges from M.C.'s doctor for his participation in phone conferences with BSD personnel about a reevaluation of M.C. at the beginning of fifth grade. Compl. ¶¶ 23–25. In April of 2014, the ODE completed its investigation of Coningsby's state complaint pursuant to the CRP. ODE issued a Findings of Fact, Conclusions and Final Order ("Final Order") in which it determined that BSD did not violate IDEA and that ODE would not order BSD to reimburse Coningsby for the consultation between BSD and M.C.'s physician. Johnson Decl. Ex. 3 ("ODE Final Order") at 1–3, ECF 17.

Meanwhile, Coningsby's due process complaint moved ahead. In October of 2015, the ALJ assigned to her due process complaint issued a letter to the parties in which he ruled that ODE was not a proper party to the due process hearing. Johnson Decl. Ex. 1 ("ALJ Letter") at 1; Compl. ¶ 8. The ALJ found that, because Coningsby did not allege that ODE was "directly responsible for providing educational services" to her child, but rather alleged that ODE "failed to comply with legally required state complaint investigation procedures," her claims against ODE fell outside the scope of a due process hearing. ALJ Letter at 2. The ALJ examined the federal CRP regulations and found that "nothing in the regulations allow a party to request a due process hearing in order to contest alleged defects in the procedures utilized by [ODE] to resolve [Coningsby's] complaint." Id. at 3. The ALJ noted a lack of Ninth Circuit law on the issue, and relied instead on a 2011 decision from another Oregon ALJ which held that ODE was not a proper "party to a due process proceeding unless [ODE] has the obligation to provide educational services to the child," and a similarly-decided case from the Tenth Circuit. Id. at 2–3 (citing

Chavez ex rel. M.C. v. New Mexico Pub. Educ. Dep't, 621 F.3d 1275, 1283 (10th Cir. 2010)) ("[W]e hold that the SEA need not have been part of the administrative [due process hearing]."). Finally, the ALJ noted that "Oregon has established a process for challenging a state complaint . . . filing a petition for review in circuit court pursuant to ORS 183.484" and that Coningsby had, in fact, "filed such a petition and the matter is now before the Oregon Court of Appeals." Id. at 3. Thus, the ALJ dismissed ODE from the due process hearing, and concluded that the due process "hearing will proceed based solely on the allegations against [BSD]." Id. at 3.

Coningsby then filed the present suit against ODE. She alleges that the ALJ "erred in failing to assert jurisdiction over [ODE] in the due process hearing request." Compl. ¶ 41. She also asks the Court to declare that ODE "failed to meet the minimum state complaint requirements for resolving" her state complaint by "fail[ing] to review all relevant information . . . fail[ing] to make an independent determination as to whether [BSD] violated the IDEA," and "fail[ing] to address each allegation in the [CRP] complaint." Compl. ¶¶ 43–46. She also asks the Court for declaratory relief in connection with alleged violations of the Family Education Rights and Privacy Act of 1974 ("FERPA").

Currently before the Court is ODE's motion to dismiss. First, ODE asserts that the Court lacks subject matter jurisdiction over the ALJ's decision to exclude ODE from the due process hearing. Def. Motion to Dismiss ("Def. Mot.") at 4–5, ECF 16. Alternatively, ODE argues that Coningsby has failed to bring a cognizable claim because she has not shown that ODE took actions which are subject to due process review under the IDEA. Id. at 4–5. ODE then argues that Coningsby's other claims regarding ODE's alleged failure to comply with CRP procedures do not present a justiciable issue because (1) the Rooker-Feldman doctrine precludes this Court

from exercising appellate review over final state court judgments, (2) Coningsby is precluded from relitigating the CRP issues in this Court, and (3) this Court should decline to exercise its discretion under the Declaratory Judgment Act because of Coningsby's parallel state litigation.

## STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject-matter jurisdiction. Federal district courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless the party asserting jurisdiction establishes otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The party asserting that a federal court has jurisdiction over its claims bears the burden of proving it. Id.

On a motion to dismiss for failure to state a claim, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). The court, however, need "not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Min. Council v. Watt, 643 F.2d

OPINION & ORDER – 7

618, 624 (9th Cir. 1981)."[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted).

## DISCUSSION

I.  Whether ODE was a Proper Party to the Due Process Hearing

Coningsby first seeks review of the ALJ's decision that ODE was not a proper party to the due process hearing. ODE moves to dismiss this first claim on three grounds: (1) it is untimely because it was filed more than ninety days after the ALJ's initial decision that ODE was not a proper party to the due process hearing on October 15, 2015; (2) the Court lacks subject matter jurisdiction to determine whether the ALJ properly found ODE's alleged conduct fell outside the scope of a due process hearing under the IDEA; and (3) Coningsby otherwise failed to allege facts showing that ODE was a proper party to the due process hearing, and thus has failed to state a claim.

   a.  Timeliness

The IDEA requires a party who seeks judicial review of the findings and decision of an ALJ at a due process hearing to bring a civil action within ninety days from the date of the decision. 20 U.S.C. § 1415(i)(2)(B). ODE asserts that the ALJ's decision that ODE was not a proper party to the due process hearing, issued on October 15, 2015, is the event which triggered the running of the ninety-day period. Def. Mot. at 3–4. However, the Ninth Circuit has held that "20 U.S.C. § 1415(i) does not allow immediate judicial review of pre-hearing rulings and decisions made by an ALJ in an IDEA case. Rather, a party may bring suit if he is aggrieved by the findings and decision made by the ALJ following the conclusion of the due process hearing." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1090 (9th Cir. 2012). The ALJ issued a final order

in Coningsby's case on January 14, 2016. Compl. ¶ 8. Coningsby filed her complaint in this Court on April 13, 2016, and therefore her complaint is timely.

    b.  Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. Kokkonen, 511 U.S. at 377. As a general rule, there are two ways to invoke a district court's subject matter jurisdiction: by raising a so-called "federal question" or by bringing a suit in which the plaintiff and all defendants are residents of different states and the amount in controversy is more than $75,000. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). With respect to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 42 U.S.C. § 1331 (2012). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).

Under the IDEA, any party aggrieved by the decision of an ALJ may file an administrative appeal in a United States district court. 20 U.S.C. § 1415(i)(2)(A); Grants Pass Sch. Dist. v. Student, No. 1:14-CV-01115-PA, 2015 WL 1951749, at *2–3 (D. Or. Apr. 29, 2015). Because federal law creates a cause of action to challenge the ALJ's decision, the Court has subject matter jurisdiction over Coningsby's claims.

    c.  Failure to State a Claim

The next question is whether, assuming the facts in Coningsby complaint are true, she has stated an adequate claim to relief, i.e., that the ALJ erred in finding that ODE was not a proper party to a due process complaint under the IDEA.

In reviewing a decision of the Office of Administrative Hearings applying the IDEA, courts must give "due weight to judgments of education policy, but review questions of law de novo." Orange Cty. Dep't of Educ. v. California Dep't of Educ., 668 F.3d 1052, 1055 n.3 (9th Cir. 2011) (internal quotation marks omitted) (citing Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1310–11 (9th Cir. 1987)); Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471–72 (9th Cir. 1993). Under the IDEA, the party challenging the administrative ruling has the burden of proof. J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 438 (9th Cir. 2010).

As detailed above, the ALJ ruled that ODE was not a proper party to the due process hearing. The ALJ relied on a 2011decision from another Oregon ALJ and a case from the Tenth Circuit which held that an SEA was not a proper party to a due process hearing unless the SEA "has the obligation to provide educational services to the child." ALJ Letter at 2–3 (quoting Student and Oregon Department of Education, Case No. DP 11-102, Order Denying Reconsideration (April 14, 2011)) (and citing Chavez, 621 F.3d at 1283 ("[W]e hold that the SEA need not have been part of the administrative [due process hearing].")).

As set out above, the IDEA permits a parent or LEA to file a complaint with respect to any matter relating to the "identification, evaluation, or educational placement of the child, or provision of a [FAPE]," to that child, which is heard by an impartial administrative law judge . 20 U.S.C. § 1415(b)(6), (f). "[T]he statutory and regulatory terms that define 'any matter' include subjects related to the direct, ongoing education of a particular child." Chavez, 621 F.3d at 1282. "The individual terms 'identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child' are related to the adequacy of a child's education program as defined by his IEP which is developed by local educators, the child's parents, or other relevant specialists." Id.; 20 U.S.C. § 1414(d)(1)(B)(iv), (d)(4)(A), (d)(5)  (the IEP team

includes a representative of the LEA and the LEA is tasked with ensuring that the IEP team periodically reviews a child's IEP).

Similarly, Oregon statutes implementing the IDEA reflect that it is the school district, not ODE, that is the proper party in an IDEA due process hearing because the school district is responsible for carrying out IDEA's mandates:

> (1) A hearing shall be conducted pursuant to rules of the State Board of Education if:
> (a) The parent requests a hearing to contest **the determination of the school district** concerning the identification, evaluation, individualized education program, educational placement or the provision of a free appropriate public education to the child . . . .

O.R.S. 343.165 (emphasis added). And, in fact, Coningsby's complaint alleges that BSD, not ODE, violated the IDEA by failing to reimburse her for costs associated with a re-evaluation of her child. Compl. ¶ 25.

Accordingly, the Court finds that ODE was properly exempted from the due process proceeding because it, "as the SEA, was not involved in the actual provision of [the child's] IEP." Chavez, 621 F.3d at 1283 (holding that the New Mexico Public Education Department was not a proper party to an IDEA due process hearing: "[a]bsent a determination that it was providing direct services to [the child], [the SEA] was not responsible for the matters covered by due process hearings"); see also Y.D. v. New York City Dep't of Educ., No. 14CV1137-LTS, 2016 WL 698139, at *5 (S.D.N.Y. Feb. 19, 2016) (emphasis in original) ("Any controversy concerning whether a given IEP provides a FAPE is one between the aggrieved student and the relevant local educational agency, to which the [state agency] and its officers are not parties in interest."); M.K. ex rel. Mrs. K. v. Sergi, No. 3:96CV00482WIG, 2007 WL 988621, at *11 (D. Conn. Mar. 30, 2007) ("[T]here is nothing in the state or federal legislation that gives the hearing officers jurisdiction over non-educational state or local agencies, except to the limited extent that

they are acting as the LEA."); Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Smith ex rel. L.S., 429 F. Supp. 2d 195, 197 (D.D.C. 2006) (holding that District of Columbia was not a proper party to an IDEA due process hearing between student and local education agency).

Therefore, Coningsby's claim that the ALJ erred by dismissing ODE from the due process hearing fails to state a claim and is dismissed.

II.     State CRP Claims

ODE next moves to dismiss Coningsby's claims regarding her state complaint through the CRP. As explained above, "[a]n impartial due process hearing, is not the only way in which the parents of a disabled child can force their school district to comply with the IDEA." Lucht, 225 F.3d at 1026.  Parents also can file a complaint pursuant to a state's CRP. Id. "Unlike the impartial due process hearing that is expressly provided in § 1415 and is detailed in the regulations promulgated pursuant to it, the CRP is described only in the regulations. Id. (internal citations omitted). "Under the CRP regulations, a [SEA] must carry out an independent on-site investigation, give the complainant an opportunity to supply additional information about the allegations, determine whether the school district is violating the IDEA and, within 60 days of the filing of the complaint, issue a written decision containing factual findings, conclusions, and the reasons for the final decision." Id. (citing 34 C.F.R. § 300.661(b)(2)).

Coningsby asks the Court to declare that ODE "failed to meet the minimum state complaint requirements for resolving" her complaint by "fail[ing] to review all relevant information . . . fail[ing] to make an independent determination as to whether [BSD] violated the IDEA," and "fail[ing] to address each allegation in the [CRP] complaint," among others. Compl. ¶¶ 43–46. She also asks for an order directing ODE to "withdraw their Final Order and resolve

[her] state complaint in accordance with the minimum state complaint procedures required by the IDEA . . . ." Compl. ¶ 51.

Essentially, Coningsby asks this Court to overturn the Oregon state court judgment in her failed petition for judicial review. The Court agrees with ODE that the Rooker-Feldman doctrine bars this Court from considering Coningsby's requests for relief regarding the CRP investigation and decision. Def. Mot. 7. "The Rooker–Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005) (additional citations omitted)). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Id. (quoting Exxon, 544 U.S. at 284). The doctrine applies to any action which "contains a forbidden de facto appeal of a state court decision," meaning that the plaintiff must assert "as a legal wrong an allegedly erroneous decision by a state court, and seek[] relief from a state court judgment based on that decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (citing Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Without explicitly stating as much, Coningsby's claims regarding the state CRP process ask this Court to overturn an Oregon state court's decision on the same issue. In the Oregon state court proceeding, Coningsby argued that the ODE Final Order was based on an erroneous interpretation of the IDEA and state regulations implementing it. Johnson Decl. Ex. 4 at ¶ 9 ("Petition for Judicial Review"). She asserted that, in resolving her state complaint, ODE failed to comply with state regulations regarding the CRP procedures by (1) failing to review all written information submitted in connection with the complaint, and (2) failing to address all of

OPINION & ORDER – 13

the allegations in her complaint, specifically her allegation that BSD violated IDEA by failing to provide a FAPE at no cost because it did not reimburse her the $300 her physician billed her for the consultation with BSD. Id. at ¶ 9(f), (g). Here, Coningsby asks the Court to declare that ODE's Final Order "failed to meet the minimum state complaint requirements . . . because they failed to review all relevant information." Compl. ¶ 43. She also seeks a declaration that ODE "failed to make an independent determination as to whether the school violated the IDEA, . . . failed to address each allegation in [her]complaint . . . and failed to order the school to reimburse [her] for the charges billed by M.C.'s physician . . . ." Compl. ¶¶ 44–46.

The question addressed in Oregon court and the question Coningsby asks this Court to answer is whether ODE's Final Order complied with the IDEA and state regulations regarding the resolution of her complaint filed pursuant to the CRP. The issues, though worded slightly differently in their respective complaints, are identical, and thus the Rooker-Feldman doctrine applies because her present complaint is a "forbidden de facto appeal of a state court decision." Bell, 709 F.3d at 897.

Even if Rooker-Feldman did not apply, Coningsby would be precluded from relitigating in this forum the issues raised in her claims regarding the state CRP because those issues were litigated to a final judgment in Oregon state court. "The preclusive effect of an Oregon case is governed by the Oregon doctrine of issue preclusion." Ramos v. U.S. Bank Nat. Ass'n, No. 08-CV-1150-PK, 2009 WL 1475023, at *1 (D. Or. May 20, 2009) (citing Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir. 1998)). "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." Nelson v. Emerald People's Util. Dist., 318 Or. 99, 103, 862 P.2d 1293,

1296 (1993). If one tribunal has decided an issue, that first decision may preclude relitigation of the issue in another proceeding if five requirements are met:

1) The issue in the two proceedings is identical;
2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding;
3) The party sought to be precluded has had a full and fair opportunity to be heard on that issue;
4) The party sought to be precluded was a party or was in privity with a party to the prior proceeding;
5) The prior proceeding was the type of proceeding to which this court will give preclusive effect.

Id. at 104, 862 P.2d at 1296–97 (internal citations omitted and punctuation altered). The party asserting issue preclusion, here ODE, bears the burden of establishing the first, second, and fourth factors. Barackman v. Anderson, 214 Or. App. 660, 666–67, 167 P.3d 994, 999 (2004). If successful, the burden shifts to the party opposing preclusion to negate the third and fifth factors. Id.

As explained above, the issues in this case and in Coningsby's state court case, though worded differently, are identical. The Petition for Judicial Review directly addressed whether ODE's Final Order complied with the IDEA and state regulations. The issue was essential and actually litigated to a final decision on the merits when the Washington County Circuit Court granted summary judgment on the matter in ODE's favor. Coningsby had a full opportunity to respond to ODE's summary judgment motion in state court. The parties in the two proceedings are the same. And finally, a circuit court judgment is given preclusive effect in Oregon. Accordingly, the Court finds that Coningsby is precluded from relitigating the issues raised in her Petition for Judicial Review regarding the ODE Final Order, and her claims are dismissed.

III.    FERPA

Finally, Coningsby argues that her complaint raises issues that were not part of her Oregon state court complaint, specifically her claims related to the Family Education Rights

OPINION & ORDER – 15

Privacy Act ("FERPA"). Compl. ¶ 14–15, . Those claims are dismissed as well because the FERPA does not provide a private right of action. "The Family Educational Rights and Privacy Act of 1974 provides that federal funding may be withheld from an educational institution 'which has a policy or practice of permitting the release of education records . . . of students without the written consent of their parents . . . .'" Desyllas v. Bernstine, 351 F.3d 934, 942 n.2 (9th Cir. 2003) (quoting 20 U.S.C. § 1232g(b)(1)). "The statutory scheme does not create a private right of action . . . ." Id. (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002). Thus, Coningsby's claims against ODE for allegedly violating the FERPA are dismissed.

IV.     Leave to Amend

The next question is whether Coningsby's complaint should be dismissed with prejudice, or whether the Court should grant her leave to file an amended complaint. If a party is proceeding pro se, then a court should only dismiss the complaint without leave to amend if it is clear that the pleading's deficiencies cannot be cured by amendment. Alexander v. IRS, No. CIV. 08-6324-TC, 2009 WL 2830174, at *1 (D. Or. June 23, 2009) report and recommendation adopted, No. CIV. 08-6324-TC, 2009 WL 2351707 (D. Or. July 24, 2009) (citing Lucas v. Dep't of Corr., 66 F.3d 245, 248–49 (9th Cir.1995)).

Coningsby's complaint is dismissed with prejudice because any amendment would be futile. She cannot allege additional facts to show that the ALJ erred in dismissing ODE from the due process hearing, and she cannot allege any additional facts that could cure the identified deficiencies in her claims about the state CRP.

//

//

//

OPINION & ORDER – 16

CONCLUSION

ODE's motion to dismiss [16] is granted, and Coningsby's complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_\_13\_\_\_\_ day of \_\_\_\_September\_\_\_\_, 2016.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER – 17